AARON DICKINSON & another *vs.* DAVID BILLINGS & others.

Assessors are liable, notwithstanding Rev. Sts. c. 7, § 44, for assessing, and issuing a war rant for the collection of a school district tax, if the school district was not legally established, although it was certified to them, by one as acting clerk of the district, that the tax had been voted by the district.

In an action against assessors by one from whom they have caused to be collected a school district tax assessed by them, the burden of proving the legal establishment of the district is on the assessors.

ACTION OF TORT against the assessors of Hatfield for assessing a school district tax upon the plaintiffs, as inhabitants of a school district called number 4 in Hatfield, and issuing a warrant to the collector of taxes, under which he collected of the plaintiffs the sum so assessed upon them; when in fact, the plaintiffs alleged, there was no such school district in the town.

The defendants, in their answer, alleged that the tax was certified to them by the town clerk in due form, and was assessed by them in good faith and fidelity and without want of integrity; and denied that there was no such school district in Hatfield.

At the trial in the court of common pleas, before *Briggs,* J., it was not contended that the defendants acted with any want of fidelity or integrity; and it was conceded that, before they assessed this tax, they had received a certificate from Stephen J. Knapp, as the clerk of school district number 4 in Hatfield, purporting to certify in due form that the sum of $250 had been voted at a legal meeting of said district, for the purpose of defraying the expense of building a schoolhouse in said district; and that the assessment complained of was made on the plaintiffs as members of said district, for their proportion of said sum.

The records of the town, being produced in evidence, showed the following proceedings in relation to school districts: In 1816, the whole town, with the exception of that part of it " over the mountain " adjoining Williamsburgh, was divided into four districts, by " forming " certain inhabitants named, " together with their estates," into each district. In 1821, a fifth district

was established in like manner; and it was also voted that all inhabitants of the town should be considered as belonging to the districts in which they then resided. In 1826, the town chose a committee to district the town by geographical lines, for the purpose of equalizing the scholars in three of the districts; and this committee reported accordingly; but it did not appear by the records that their report was ever acted upon by the town. In 1831, the town voted, "that the inhabitants over the mountain be formed into a school district;" in 1837, voted to set off the inhabitants of a certain part of the town as a sixth district; and in 1842, voted "to number the school districts in town."

It was also in evidence that the plaintiffs, who were named in the vote of 1816 as forming part of the district now numbered 4, then and ever since owned and occupied a homestead in that district; that, from as early as 1820 until the time of said assessment, there has been a schoolhouse within the local limits of the land, owned by those individuals who by that vote were allotted to that district; and that schoolhouses have been built, and schools kept, and school meetings held in the other supposed districts to which the records relate.

Upon this evidence the defendants contended that they were only responsible for want of fidelity and integrity; and that if they were responsible in case district number 4 was not legally organized, the plaintiffs had not sustained the burden which was upon them of showing that there was no such organization. But the judge ruled *pro forma* in favor of the plaintiffs; the jury returned a verdict in their favor; and the defendants excepted.

This case was argued at September term 1854.

*C. Delano,* for the defendants. 1. By the Rev. Sts. *c.* 7, § 44, "assessors shall not be responsible for the assessment of any tax, in any town, parish, religious society, or school district, for which they are assessors, when such tax shall have been assessed by them in pursuance of any vote for that purpose, certified to them by the clerk or other proper officer of such town, parish, religious society or school district; but they shall, in such case, be responsible only for the want of integrity and fidelity on their own part." The terms of exemption in this statute are much

broader than those of *St.* 1823, *c.* 138, § 5, which did not extend to school districts, nor to nonresidents in any case. *Baker* v. *Allen*, 21 Pick. 384. *Griffin* v. *Rising*, 11 Met. 345. *Freeman* v. *Kenney*, 15 Pick. 44. *Inglee* v. *Bosworth*, 5 Pick. 498. The decision on this point in *Bassett* v. *Porter*, 4 Cush. 494, seems to have been made on the authority of *Withington* v. *Eveleth*, 7 Pick. 106, and *Little* v. *Merrill*, 10 Pick. 543, without adverting to the distinction in the language of the statutes.

Much less should assessors be required to go behind the clerk's certificate. A *de facto* clerk is a " proper officer," within the meaning of Rev. Sts. *c.* 7, § 44. *Allen* v. *Metcalf*, 17 Pick 211. *Waldron* v. *Lee*, 5 Pick. 334.

2. The burden of proving that there was no legal district is upon the plaintiffs. 1 Greenl. Ev. § 80. The records do not of themselves prove this ; for there may have been a legal district *de facto*, known and recognized as such, though not appearing on the record. *Bassett* v. *Porter*, 4 Cush. 492.

*I. Billings*, for the plaintiffs.

DEWEY, J. Independently of any statute provision exempting the defendants from liability for assessing a tax unauthorized by law, they would be liable to the plaintiffs. The *St.* of 1823, *c.* 138, § 5, was held not to apply to a case where assessors acted under a vote of a body not a legal school district, (even supposing a school district to be such a corporation as is described in that statute,) as the tax could not have been required to be assessed by any constituted authority. *Withington* v. *Eveleth*, 7 Pick. 106. But this point was more fully settled in the case of *Freeman* v. *Kenney*, 15 Pick. 44, where it was held that assessors were liable for assessing a town tax upon a person not an inhabitant of, nor an owner of estate lying within, the town ; because they could not be said to have been required to assess a tax upon such a person, and were not therefore protected by *St.* 1823, *c.* 138, although they acted with fidelity and integrity.

It is however said, on the part of the defendants, that, under the provision of Rev. Sts. *c.* 7, § 44, the exemption from liability is broader than under *St.* 1823, *c.* 138, and the case of *Baker* v.

*Allen,* 21 Pick. 382, is relied upon as to this point. That was an action for assessing a town tax upon a person not an inhabitant of the town, and it was held that the assessors were not responsible therefor, if there was no want of integrity and fidelity on their part. The opinion was based upon the assumption that the Rev. Sts. *c.* 7, § 44, were intended to enlarge the protection of assessors, and to extend it to cases where they had taxed persons not liable to be taxed. This was inferred from the change of phraseology in the latter statute. No suggestion appears in the notes of the commissioners, that they purposed any change in the existing laws. In fact, before the Rev. Sts. an additional statute had been passed, *St.* 1833, *c.* 166, the principal object of which was, as I apprehend, to remove the doubts that had existed, whether the *St.* of 1823, *c.* 138, embraced the case of assessments of taxes upon the inhabitants of a school district. This statute, which was not noticed in the case of *Baker* v. *Allen,* had introduced the change in phraseology, and furnishes the form of the section as introduced into the Rev. Sts., embracing the cases of town, parish, religious society and school district.

Waiving any expression of opinion, on the present occasion, as to the correctness of the decision as applied to the case then before the court—that of a town tax ordered to be assessed by a legally existing town corporation, a body responsible for all moneys received by them on an illegal assessment—the court are of opinion that the Rev. Sts. *c.* 7, § 44, do not exempt assessors from liability for making an assessment in a case where there is no legal school district to order such assessment. This position was distinctly affirmed in *Bassett* v. *Porter,* 4 Cush. 494. Indeed, any other rule would seem to leave the plaintiffs without remedy. The exemption of assessors from liability for assessments of taxes upon inhabitants of a school district, town or parish, is only in cases where such school district, town or parish really exists, and has competent authority to order an assessment of taxes, and is liable in an action by the party aggrieved for the amount of the tax illegally assessed. The authority or jurisdiction to act in the matter being established, the assessors

are not responsible for errors in the proceedings emanating from such competent tribunal—thus leaving the question of the existence of the town, parish or school district, to be shown by those who justify under its votes.

In order to show a legal district, it was necessary to prove that the whole territory of the town was legally divided into school districts; and as the evidence introduced at the trial failed to show this, the defendants fail to maintain their defence, and the plaintiffs are entitled to judgment. *Perry* v. *Dover,* 12 Pick. 213. *Fry* v. *School District in Athol,* 4 Cush. 253. *Bassett* v. *Porter,* 4 Cush. 493, and 10 Cush. 421.    *Exceptions overruled.*